UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-24416

HECTOR ALVAREZ,

    Plaintiff,

vs.

GLASS AND METALS, LLC. and
FELIX RUA,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Hector Alvarez, sue Defendants, Glass and Metals, LLC., and Felix Rua, based on the following good cause:

*Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Hector Alvarez**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law and consents to participate in this lawsuit. [ECF No. 1-1.]

2.     **Defendant, Glass and Metals, LLC**., is a for profit Florida company that is *sui juris* and has its principal place of business, its office, and operated its business here, in Miami-Dade County, Florida, at all times material.

3.     **Defendant, Felix Rua**, was and is the owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

1

4. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

5. This Court has jurisdiction over Plaintiff's FLSA claims.

6. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal place of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

### *Common Background Factual Allegations*

7. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

8. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their installation and service of windows, panels, tracks, fasteners, parts, materials, supplies, and products that have moved through interstate commerce. Defendants sold and/or installed glass windows and glass exterior building components in hi-rise and low-rise buildings, while using tools, machinery, equipment, trucks, ladders, hand tools, supplies and materials that also have moved through interstate commerce.

9. Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

2

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

10. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

11. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

12. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while they worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his servicing, installing, repairing, working on, and handling gates, glass doors, windows, operators, remotes, tracks, and supplies that have traveled through interstate commerce while also utilizing trucks, ladders, equipment, machines, and equipment that also traveled through interstate commerce.

13. Defendants hired Plaintiff in February 26, 2015, and he worked for Defendants until on or about June 20, 2015.

14. Plaintiff routinely worked approximately 50-55 hours per week for Defendants at a rate of $18.00 per hour.

15. Defendants paid Plaintiff an hourly rate for his work, but failed and refused to pay him at the rate of time and one-half times his regular rate of pay for all hours worked over 40 hours in a workweek.

16. Defendants also engaged in a practice whereby they would automatically deduct 30 minutes when he worked 8 hours in one day, and would then automatically deduct another 30 minutes when he worked overtime, for which time Plaintiff was not paid at all.

17. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

18. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I – FLSA MINIMUM WAGE VIOLATION**

Plaintiff, Hector Alvarez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

19. Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage of $7.25 per hour for all of the hours that he worked.

20. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

21. Plaintiff is entitled to a back pay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Hector Alvarez, demands the entry of a judgment in his favor and against Defendants, Glass and Metals, LLC. and Felix Rua, jointly and severally, after trial by jury and as follows:

   a. That Plaintiff recover compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b) and/or all interest allowed by law;

   b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

    c.  That the Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

    d.  Such other and further relief as the Court deems just and proper.

## COUNT II – FLORIDA MINIMUM WAGE ACT CLAIM

Plaintiff, Hector Alvarez, reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

22.    Through counsel, Plaintiff complied with the pre-suit requirements imposed by Fla. Stat. §448.110 by sending a letter by certified and U.S. Mail to Defendants on November 5, 2015 – which is more than 15 days prior to the commencement of this action. The letter identified the minimum wages to which Plaintiff is entitled, the actual and estimated work dates and hours for which payment was sought, and the total amount of alleged unpaid wages through the date of the notice.

23.    Defendants did not timely tender the full amount of the wages demanded by Plaintiff with 15 days thereof.

24.    The Florida Constitution provides that, "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship. Fla. Const., Art. X, §24(a).

25.    The Florida Constitution, Article X, Section 24(a) ("FMWA") provides that "[a]ll working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy

5

26. In Florida, the minimum wage was set at $8.05 per hour for calendar year 2015.

27. Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage for all of the hours that he worked for them.

28. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours worked for them violated the Florida Minimum Wage Act and then failed to timely correct their violation.

WHEREFORE Plaintiff, Hector Alvarez, demands the entry of a judgment in his favor and against Defendants, Glass and Metals, LLC. and Felix Rua, jointly and severally, after trial by jury and as follows:

   a. That Plaintiff recover compensatory damages and an equal amount of liquidated damages as provided under the law and in the Florida Minimum Wage Act and/or all interest allowed by law;

   b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the Florida Minimum Wage Act;

   c. That the Defendants be Ordered to make the Plaintiff whole by providing appropriate minimum wage pay, tips, and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

   d. Such other and further relief as the Court deems just and proper.

### COUNT III – FLSA OVERTIME VIOLATION

Plaintiff, Hector Alvarez, reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

6

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

29. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

30. Defendants either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime pay he earned.

31. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff Hector Alvarez, demands the entry of a judgment in his favor and against Defendants, Glass and Metals, LLC. and Felix Rua, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b) and/or all interest allowed by law;

    b. That Plaintiff recovers an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    c. That Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

    d. Such other and further relief as the Court deems just and proper.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

## COUNT IV – BREACH OF CONTRACT

Plaintiff, Hector Alvarez, reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

32. Plaintiff and Defendants agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate him at the rate of $18.00 per hour, which amount would be pro-rated for each portion of an hour worked.

33. Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

34. Defendants, however, failed and refused to perform their obligation(s) to pay Plaintiff at the rate of $18.00 per hour for each hour worked, thereby breaching the Contract.

35. Plaintiff has been damaged as a result of Defendants' failure to pay him the agreed-upon amount for each hour worked by failing to pay him for all hours worked.

WHEREFORE Plaintiff, Hector Alvarez, demands that this Court enter a judgment in his favor and against Defendants, Glass and Metals, LLC. and Felix Rua, jointly and severally, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT V – UNJUST ENRICHMENT

Plaintiff, Hector Alvarez, reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

36. Plaintiff provided labor and services for Defendants, and they received and accepted the benefits of the labor and services supplied by Plaintiff.

37. Plaintiff expected to be paid a reasonable value for the labor and services he

8

provided to Defendants.

38. Defendants have been unjustly enriched in that they have failed and refused to make payment to Plaintiff for such benefits.

WHEREFORE Plaintiff, Hector Alvarez, demands that this Court enter a judgment in his favor and against Defendants, Glass and Metals, LLC. and Felix Rua, jointly and severally, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### COUNT VI – WORTHLESS CHECK

Plaintiff, Hector Alvarez reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

39. Defendants delivered/uttered Check No. 1000, dated July 1, 2015, in the face amount of $800, and drawn upon Chase Bank, to Plaintiff as payment for services rendered by Plaintiff as their employee.

40. Plaintiff tendered Chase Bank Check No. 1000 for payment, but the check was dishonored.

41. Plaintiff served a demand letter upon Defendants on November 5, 2015 pursuant to Fla. Stat. §§68.065 and 832.07 by Certified and U.S. Mail, in the form required, but Defendants failed and refused to pay the amount required as of the date of the filing of this Complaint.

42. Pursuant to Fla. Stat. §§68.065 and 832.07, Plaintiff is entitled to statutory damages in the amount of the check ($800.00), plus triple the amount of the check ($2,400.00), plus incurred bank fees, services charges, court costs, and reasonable attorneys' fees.

9

WHEREFORE Plaintiff, Hector Alvarez, demands that this Court enter a judgment in his favor and against Defendants, Glass and Metals, LLC. and Felix Rua, jointly and severally for damages in the amount of the check ($800.00), plus triple the amount of the check ($2,400.00), plus incurred bank fees, services charges, court costs, and reasonable attorneys' fees, plus pre-judgment and post-judgment interest, and such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 1st day of December, 2015.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
8603 S. Dixie Highway
Suite 408
Miami, FL 33143
Tel:   305.230.4884
Fax:   305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

10

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com